IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HECTOR MANUEL DIAZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-90 |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Hector Manuel Diez, Jr., an inmate currently confined at FCI Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff's Motion for Default Judgment

The above-referenced petition for writ of habeas corpus was filed on March 3, 2022 (Doc. # 1). On March 8, 2022, the undersigned entered a Show Cause Order giving Respondent sixty (60) days to answer (Doc. # 3). The U.S. Attorney for Respondent acknowledged receipt of the Order to Show Cause on March 18, 2022 (Doc. # 5) and filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment on May 17, 2022 (Doc. # 7). Petitioner filed a Motion for Default Judgment on May 18, 2022 (Doc. # 8), arguing Respondent's answer was due on May 8, 2022.

## Analysis

Federal Rule of Civil Procedure 55 authorizes the entry of default against a party whom a judgment for affirmative relief is sought when such party fails to plead, or otherwise respond, to the action.

A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "When an application is made to the court . . . for the entry of a judgment by default, [the court] is required to exercise [its] 'sound judicial discretion' in determining whether the judgment should be entered. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2685. In making its determination, the court is free to consider any number of factors that may appear from the record. The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

Respondent filed its Answer within sixty (60) days of acknowledging receipt of the Order to Show Cause which was March 18, 2022 (Doc. # 5). Respondent's answer is timely and there is no basis on the record to justify entry of a default judgment.

## Recommendation

Petitioner's Motion for Default Judgment (Doc. # 8) should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 18th day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge