IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HECTOR MANUEL DIAZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-90 |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION

Petitioner, Hector Manuel Diaz, Jr. an inmate confined at FCI Beaumont Low, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S. § 2241, on March 3, 2022 (doc. # 1). Petitioner contests Incident Report Number 3507056 in which Petitioner was found guilty of violating Code 108, possessing a hazardous tool, relating to a May 23, 2021, incident at FCI Beaumont Low. Petitioner alleges the disciplinary conviction sustained against him resulted in a loss of 41 days of good conduct time and loss of commissary and phone privileges for 90 days each. Petitioner alleges he was denied due process by sanctioning him relating to a disciplinary incident which resulted in the loss of good conduct time. Petitioner requests that the Incident Report and sanctions imposed be expunged and his good conduct time restored.

<u>Motion to Dismiss, or in the Alternative, Motion for Summary Judgment</u>

Respondent was ordered to show cause and filed a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment on May 17, 2022 (doc. #s 3 & 7). Respondent argues Petitioner was afforded all due process under *Wolff* and the evidentiary standard for disciplinary cases was satisfied. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). Petitioner filed a Response on May 31, 2022 (doc. # 10).

Respondent relies on the following evidence in support of the Motion for Summary Judgment.

| | |
|---|---|
| **Exhibit A:** | Declaration of Ardana Teate (doc. # 7-1, pgs. 2-4); |
| **Attachment 1:** | DHO Report (doc. # 7-1, pgs. 6-9); |
| **Attachment 2:** | Incident Report (doc. # 7-1, pgs. 11-13); |
| **Attachment 3:** | Chain of Custody Log (doc. # 7-1, pgs. 15-16); |
| **Attachment 4:** | Notice of Discipline Hearing Before the DHO (doc. # 7-1, pg. 18); |
| **Attachment 5:** | Inmate Rights at Disciplinary Hearing (doc. # 7-1, pg. 20); |
| **Attachment 6:** | Regional Administrative Remedy Appeal (doc. # 7-1, pgs. 22-23); |
| **Attachment 7:** | Central Office Administrative Remedy Appeal (doc. # 7-1, pgs. 25-26); and |
| **Attachment 8:** | Inmate Rights & Responsibilities (doc. # 7-1, pg. 28). |

Standard of Review

*Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "nudge their claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the Court does not "strain to find inferences favorable to plaintiff" or "accept conclusory allegations unwarranted deductions, or legal conclusions." *Southland Sec. Corp. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 35 (5th Cir. 2004) (internal quotation marks and citations omitted).

*Motion for Summary Judgment*

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

In making this determination, the Court must consider the records as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." FED. R. CIV. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Colotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec., Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. FED. R. CIV. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

Analysis

Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Loss of commissary, telephone, and visiting privileges do not trigger due process protections. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Furthermore, imposition of solitary confinement, or disciplinary segregation, absent atypical punishment, does not trigger due process protection. *Wilkinson v. Austin*, 545 U.S. 209, 125 (2005).

The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time. *Wolff v. McDonnell*, 418 U.S. 539 (1974). When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

The due process that an inmate must receive in a disciplinary hearing is (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the fact-finders as to the evidence relied on and the reasons for the disciplinary action taken, (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case, and (4) some assistance in the collection and presentation of evidence if either the inmate is illiterate or the case appears complex. *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993); *Wolff v. McDonnell*, 4 18 U.S. 539, 563-66 (1974).

*Wolff Factors*

As argued by Respondent, Petitioner was afforded all the due process protections as contemplated by *Wolff*. The competent summary judgment evidence shows Petitioner was given a copy of the Incident Report No. 3507056 from C. Barron on May 23, 2021 at 8:00 pm. Exhibit A, ¶ 4; Attachment 2. The investigating lieutenant read Petitioner his rights at that time and Petitioner acknowledged he understood his rights. Attachment 2. Petitioner elected to remain silent but requested Inmate Ambriz as a witness. *Id*. At the conclusion of the investigation, Lieutenant Baron charged Petitioner with 108 Possessing a Hazardous Tool and forwarded the Incident Report to the UDC for further disposition. *Id*.

The UDC hearing for the Incident Report No. 3507056 was held May 25, 2021. *Id*., ¶ 5; Attachment 2. After the UDC reviewed the incident report, the committee referred the report to the DHO for consideration of greater sanctions than available at the UDC. *Id*.; Attachment 2. The UDC Chairman, D. Anthony, provided Petitioner with the Notice of Discipline Hearing Before the DHO form and the Inmate Rights at a Discipline Hearing on the same day. *Id*.; Attachments 4 & 5. Petitioner was informed he (1) had a right to have a written copy of the charges against him at least 24 hours prior to appearing before the DHO; (2) he had the right to have a full-time member of the staff who is reasonably available to represent him before the DHO; (3) he had the right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence on his behalf, provided institutional safety would not be jeopardized; (4) he had the right to present a statement or to remain silent, but his silence may be used to draw an adverse inference again him but could not, by itself, be used to support a finding that he committed a prohibited act; (5) the right to be present throughout the discipline hearing except during a period of deliberation

or when institutional safety would be jeopardized and that witnesses and a staff representative could appear on his behalf if he elected not to appear before the DHO; (6) the right to be advised of the DHO's decision, the facts supporting that decision, and the DHO's disposition in writing, unless institutional safety would be jeopardized; and (7) the right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition. Attachment 5.

The disciplinary hearing was held on June 14, 2021 at 11:30 a.m.. Exhibit A, ¶ 6, Attachment 1. Thus, Petitioner received advance written notice of the charges well in advance of the twenty-four hours dictated by *Wolff*. The DHO confirmed Petitioner understood his due process rights and that he received a copy of the incident report. *Id*; Attachment 1, pg. 8. The DHO also confirmed that Petitioner waived his right to a staff representative and declined to present documentary evidence. *Id*. Petitioner made a statement on his own behalf and also called Inmate Ambriz as a witness. Petitioner stated he was not guilty as he was in the shower at the time the incident occurred. He also indicated that another guy "was charging the phone for everything. I just got to this unit 2 days ago before that." Inmate Ambriz testified that the charger was his and that Petitioner did not know he was in his cell.

The DHO relied on the reporting staff's eye witness statement, the chain of custody log, the evidence photograph, Petitioner statements, and Inmate Ambriz's testimony. The DHO found Petitioner guilty of possessing a hazardous tool and stated the following:

> On 5-23-2021 at 1840 I conducted a random search of cubicle 39, belonging to inmate Diaz Jr, Hector, #04822-508 and inmate Yabrudi, Gustavo, #17352-104, while searching the single bunk on the left side of the cubicle I found a white Samsung cell phone charger with cord on top of the mattress under the pillow. The contraband was accessible to both occupants.

> Inmate's statement: "Not guilty. I was in the shower. The other guy was charging the phone for everything. I just got to this unit 2 days ago before that.
>
> The DHO is convinced that you Diaz, Jr. Hector Register Number 04822-508 did commit the prohibited act of Conduct which Disrupts and Interferes with the orderly running of a BOP Facility most like the use of a cell phone or related Paraphernalia in violation of code 199 most like code 108. When you appeared before the DHO you denied the charge by your statement "Not guilty. I was in the shower. The other guy was charging the phone for everything. I just got to this unit 2 days ago before that." Your witnessed [sic] appeared and stated "It's my charger, they did not know I was in their cell." The DHO did take this statement into consideration, however your witness, Inmate Ambriz is not assigned to that cell according to the Sentry roster, and was not assigned to that cell at the time the charger was found. According to you, and your cellie Inmate Yabrudi, Inmate Ambriz put his charger under a pillow in your assigned cell, and put his cell phone in his cell. The DHO asked each of you question "why would he put the charger in your cell and the phone in his cell?" You, along with your cellie both stated "I don't know." The DHO asked Inmate Ambriz the same questions and he stated "I got scared when I seen the CO." The DHO is not convinced that this charger belonged to Inmate Ambriz. As the DHO mentioned you, as well as your cellie is responsible for your cell, and all belongings in common areas. Both you and your cellie denied the charges against you. Based on the evidence provided the DHO finds you and your cellie in violation of the prohibited act Conduct which Disrupts and interferes with the orderly running of a BOP Facility most like the use of a cell phone or related Paraphernalia in violation of Code 199 most like code 108. This type of behavior will not be tolerated at this facility.

Attachment 1, pg. 8 (doc. # 7-1).

As punishment, Petitioner was sanctioned with the disallowance of 41 days good conduct time and commissary and phone restrictions for 90 days each. Petitioner was advised of his right to appeal and was provided a written copy of the DHO Report on June 30, 2021. *Id.* at pg. 9. As outlined above, Petitioner appealed his conviction, which was denied at both the Regional Administrative Remedy level and Central Office level.

*Evidentiary Standard*

In reviewing prison administrative actions, the findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984); *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982). "The federal courts cannot assume the task of retrying all disciplinary disputes." *Smith*, 659 F.2d at 545. Accordingly, federal courts do not review a DHO's factual findings *de novo*. Instead, the courts will only consider whether the decision is supported by "some facts" or by a "modicum of evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson,* 242 F.3d 535, 536 (5th Cir. 2001); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117 (1986). The federal court is not required to examine the entire record, independently assess the credibility of witnesses or weigh the evidence to determine whether there is sufficient evidence to support the factual findings of the DHO. *Hill*, 472 U.S. at 455.

In the present case, the DHO acted under the applicable regulation, 28 C.F.R. § 541.8(f), which states, "[t]he DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence." *Id*. In this case, the DHO considered the staff member's eyewitness account of the incident and the written report, the Petitioner and the witnesses' statements, and then based her decision on the greater weight of the evidence. The fact that the charger was found in Petitioner's cubicle, alone, is sufficient evidence of constructive possession. *See Flannagan v. Tamez*, 368 F. App'x 586, 588 (5th Cir.2010) (per curiam) ("In general, a person has constructive possession if he knowingly has ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located."). "The mere fact that the phone

9

[charger] was found in an area accessible to other inmates does not render a disciplinary finding that the inmate possessed contraband constitutionally infirm." *Buitrago v. Mejia*, 2015 WL 5092603, at *3 (N.D. Tex. Aug. 28, 2015) (citing *Davis v. Bragg*, 2011 WL 1868382, at *4, n. 32 (W.D. Te. 2011), and *Pruitt v. Martin*, 2013 WL 611653, at *3 (E.D. Tex. 2013) (in an open dormitory, the discovery of a cell phone underneath a pillow on an inmate's bunk was some evidence that the inmate possessed the cell phone)).

Based on the foregoing, the undersigned concludes that Petitioner's disciplinary proceeding was consistent with the requirements of due process, and the decision of the DHO was supported by at least "some evidence." The decision will not be overturned.

## Recommendation

Petitioner's habeas application filed pursuant to 28 U.S.C. § 2241 should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Serv.*

*Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 29th day of January, 2023.

_____
Zack Hawthorn
United States Magistrate Judge